# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

### JACKSONVILLE DIVISION

CIVIL RIGHTS COMPLAINT

**DERRICK TYRONE GRANTLEY,**

   **Plaintiff,**

**VS.**                                    Case No:

                                    3:16cv1147-J-32PDB

**BRIAN S. STARLING**

**AUSTIN MERRITT**

**BRYAN K. ALLEN**

**JOHN PALMER**                    LEGAL MAIL
                                    PROVIDED TO
**DENNIS BLANDO**                   FLORIDA STATE PRISON
                                    DATE 9-6-16 FOR MAILING.
**TOM REIMERS**                     INMATES INITIALS D G

**S. CRAWFORD**

**E. PEREZ**

**T. BOWDEN**

   **Defendant(s).                    /**

FILED

2016 SEP -8  PM 2:44

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

1

# COMPLAINT UNDER THE CIVIL RIGHTS ACT 42 U.S.C. § 1983

## I. PARTY INFORMATION

A.   Plaintiff Derrick Tyrone Grantley

Address:   Florida State Prison

P. O. Box 800

Raiford, Fl 32083

Inmate Prison # A-198328

Year of Birth: 1982

VS.

B.   Defendant: BRIAN S. STARLING

Official Position:  Prison Captain

Place of Employment: Florida State Prison

Mailing Address:  P.O. Box 800

Raiford, FL  32083

B.   Defendant: Austin Merritt

Official Position:  Prison Sergeant

Place of Employment: Florida State Prison

Mailing Address:  P.O. Box 800

Raiford, FL  32083

B.    Defendant: Bryan K. Allen

Official Position:  Prison Officer, C/01

Place of Employment: Florida State Prison

Mailing Address:  P.O. Box 800

               Raiford, FL  32083

B.    Defendant: John Palmer

Official Position:  Prison Warden

Place of Employment: Florida State Prison

Mailing Address:  P.O. Box 800

               Raiford, FL  32083

B.    Defendant: Dennis Blando

Official Position:  Registered Nurse

Place of Employment: Florida State Prison

Mailing Address:  P.O. Box 800

               Raiford, FL  32083

B.    Defendant: S. Crawford

Official Position:  Assistant Warden

Place of Employment: Union Correctional Institution

Mailing Address:  P.O. Box 1000

               Raiford, FL  32083

B.    Defendant: E. Perez

      Official Position:  Chief Health Official

      Place of Employment: Union Correctional Institution

      Mailing Address:  P.O. Box 1000

                 Raiford, FL  32083

B.    Defendant: Tom Reimers

      Official Position:  Director of Health Services Administration

      Place of Employment: Bureau of Inmate Grievance Appeal

      Mailing Address:  501 South Calhoun Street

                 Tallahassee Florida  32399-2500

B.    Defendant: T. Boulden

      Official Position:  Secretary of D.O.C. Representative

      Place of Employment: Bureau of Inmate Grievance Appeal

      Mailing Address:  501 South Calhoun Street

                 Tallahassee Florida  32399-2500


II. PLACE OF PRESENT CONFINEMENT: Florida State Prison P.O. Box 800 , Raiford Florida 32083

4

## III. PREVIOUS LAWSUIT:

A. Plaintiff has <u>NOT</u> initiated any other lawsuits in state court dealing with the same or similar facts involved in this action or otherwise relating to his imprisonment or conditions thereof.

B. Plaintiff has initiated other lawsuits in Federal Court dealing with the same or similar facts involved in this action.

C. Parties to previous lawsuits:

1.  Plaintiff: Derrick Tyrone Grantley

    Defendants: Johnny Jones, Jr. et. al.,

2.  Court: Southern District of Florida

3.  Name of Judge: Patrick White

4.  Docket Number: 1:15-CV-22724JAL

5.  Facts and basis of Lawsuit: Defendants used excessive force against Plaintiff and Plaintiff was denied medical treatment for his injuries.

6.  Disposition: Case is still pending.

7.  Approximate filing date: July 21, 2015.

<u>Continuation of Previous Lawsuits</u>

Parties to previous lawsuits:

1. Plaintiff: Derrick Tyrone Grantley

   Defendants: Price, et. al.,

2. Court: Middle District of Florida

3. Name of Judge: Covington

4. Docket Number: 2:04CV554-VMC-SPC

5. Facts and basis of Lawsuit: Plaintiff complained that jail officials at Charlotte County Jail denied him due process with regards to a disciplinary conviction.

6. Disposition: Case was dismissed in favor of the Plaintiff. Plaintiff filed a voluntary motion for Dismissal prior to service.

7. Approximate filing date: July 1, 2005.

---

Parties to previous lawsuits:

1. Plaintiff: Derrick Tyrone Grantley

   Defendants: Rogers, et. al.,

2. Court: Middle District of Florida

3. Name of Judge: Judge Covington

4. Docket Number: 2:04CV592-VMC-DNF

5.     Facts and basis of Lawsuit: Plaintiff complained that jail officials denied him due process with regards to a second disciplinary conviction.

6.     Disposition: Case was dismissed because Plaintiff did not pursue the matter.  Plaintiff is unsure of the exact reason the Court used to dismiss lawsuit.

7.     Approximate filing date: November 30, 2004

       Dismissal Date: December 20, 2005

D. Plaintiff has had one lawsuit dismissed by the Northern District of Florida as malicious and Plaintiff Appealed and Appeal is still pending:

1.     Plaintiff: Derrick Tyrone Grantley

       Defendants: Sam, et. al.,

2.     Court: Northern District of Florida

3.     Name of Judge: Elizabeth Timothy

4.     Docket Number: 3:15CV493/MCR/EMT

5.     Facts and basis of Lawsuit: Plaintiff argued that he was denied mental and medical treatment which resulted in physical injury of the Plaintiff.

6.     Disposition: Northern District denied Plaintiff's complaint prior to service as malicious for not listing two previous suits in section IV of the Complaint.

      Plaintiff filed Appeal and is arguing that he filed a Motion for Leave to Amend and Add the two previous lawsuits 23 days prior to the courts report and recommendation therefore the Plaintiff should have been provided on free opportunity to Amend his complaint as requested prior to the Court's R&R. Court order stated the Court never received the Motion for Leave to Amend but the Plaintiff provided the Court with a copy of said Motion post stamped by prison officials clarifying that said motion was mailed December 13, 2015. Therefore, under the federal mailbox rule, said motion should have been accepted as filed.

7.     Approximate filing date: February 1st, 2016

      Appeal filed: February 21, 2016

      Appeal case no: 16-10778-C

## IV. STATEMENT OF FACTS

1. On March 9th, 2016, Plaintiff Grantley was an inmate housed on B-wing at Florida State Prison in Cell B-1224.

2. Plaintiff had been attempting to get medical attention for open wounds on his arms all night and while the Plaintiff was laying on his stomach on the floor by the cell door at approximately 1:35 am, Defendants Allen and Merrit entered into the Plaintiff's Cell without a hand held camera as required by policy.

3. After Defendants Allen and Merritt had entered Plaintiff's cell, Defendant Starling was standing at the cell door, watching as Defendant Allen handcuffed the Plaintiff behind the back.

4. After handcuffs were placed on the Plaintiff, Defendant Starling ordered Defendants Allen and Merrit to pull the plaintiff back further into the cell.

5. As Defendants Allen and Merritt were doing as ordered, Defendant Starling stated out loud to the two Defendants that Plaintiff had just come from Santa Rosa C.I. for assaulting staff and was why the Plaintiff was on Maximum Management.

6. All of a sudden, while the Plaintiff was still laying on the floor on his stomach, still handcuffed not violating any rules nor acting disruptively, Defendant Allen started stomping the Plaintiff and kicking the Plaintiff with boots in the back, neck and head area inflicting pain upon the Plaintiff.

7. As Defendant Allen was attacking the Plaintiff, Defendant Merritt also was kicking and stomping the Plaintiff in the head and face area inflicting pain upon Plaintiff.

8. Plaintiff then locked his head against the floor in a tight position with his forehead facing the floor to try and protect his teeth from being knocked out, at which time, Defendant Allen put his knee in the Plaintiff's back and grabbed the Plaintiff's head and started forcing Plaintiff's head to the ground but while this was going on and the plaintiff head was upwards some, Defendant Merritt was able to kick the Plaintiff in the mouth but after Defendant Allen was able to get the Plaintiff head on the floor with the left side against the Floor.  Defendant Merritt kicked the Plaintiff in mouth again and split open Plaintiff bottom lip more and while the Plaintiff's head was still being held down Defendant Merritt stomped the Plaintiff with his boot on the right side of the face knocking the Plaintiff unconscious.

9. While Defendants Allen and Merrit was attacking the Plaintiff, Defendant Starling was standing at the cell door watching, in a position to intervene, and had the time and ability to intervene, but failed and/or refused to intervene and stop Defendant's Allen and Merritt from attacking the Plaintiff.

10. Soon thereafter, Plaintiff was taken to the Emergency Room at Florida State Prison. While the Plaintiff was in the Emergency Room, Plaintiff noticed a officer now standing outside the door with a hand held camera.

11. Minutes later Defendant Starling walked into the E.R. and stated to the Plaintiff,

("Damn man, what happened to your face?")

12. Plaintiff then stated to Defendant Starling:

("You know what happened. Y'all jumped on me.")

At which time Defendant Starling stated to the Plaintiff:

("Oh yeah, you fell and hit your face.")

13. It then became apparent to the Plaintiff that Defendant Starling was going to conspire with Defendant Blando to falsify documents concerning how the Plaintiff obtained the injuries to his face and once the Plaintiff was ordered to come out of the E.R. and walk to the shower, the Plaintiff walked up to the officer holding the hand held camera and stated on camera that he had been assaulted and kicked in the face by officers.

14. Plaintiff was then taken from the shower to the transport van and transported to a hospital in Starke, Florida. Once the doctor at the hospital in Starke evaluated the Plaintiff injuries, he ordered that the Plaintiff be taken to

Memorial Hospital of Jacksonville to have facial surgery to repair Plaintiff's bottom lip because Plaintiff's injuries to his lip was too severe for him to repair.

15. Once the Plaintiff was at Memorial hospital of Jacksonville, Doctors ordered a CT scan and said CT scan revealed that the Plaintiff had sustained facial fractures amongst other injuries which include but not limited to:  extensive right perio-orbital contusion, right forehead and premolar contusions, several ecchymoses and lacerations in the facial area and also in the malar area of about half an inch; and Plaintiff right eyelids was very swollen and unable to open up. Plaintiff also suffered memory loss and excruciating pains in the head, jaw and facial area.

16. Plaintiff underwent facial laceration repair to repair Plaintiff's bottom lip as well as teeth.  Plaintiff underwent the surgery under general anesthesia.

17. Plaintiff remained in the hospital until March 10th, 2016 for observational purpose and follow up treatment.

18. On April 9th, 2016 while Plaintiff was house at Union Correctional Institution, Nurse Parrish delivered copies of all the medical documents from March 9th, 2016 to the Plaintiff.

19. After reading the documents, Plaintiff discovered that Defendant Blando had in fact falsified documents stating on the Head Trauma Form that the Plaintiff had obtained his facial injuries by slipping and falling face forward.

20. Defendant Blando also went on to falsify the form by stating that the Plaintiff had NO facial bruising around the eye and that out of 0 to 10, the Plaintiff's level of pain was "0".

21. Plaintiff then filed a grievance advising that the Defendant, Blando, had falsified documents concerning the Plaintiff injuries by claiming that the Plaintiff slipped and fell face forward and caused the injuries to his face.  Plaintiff clarified in the grievance which document stated this.

22. On April 25, 2016, Defendants Perez and Crawford as part of a conspiracy to cover up Defendant Blando's falsification of documents and misconduct, did falsify document by stating in their joint response to plaintiff's grievance that; ("<u>Review of the form does not show he said you slipped and fell.  It said the injuries were sustained by a fall to the floor.</u>")

23. Defendants Perez and Crawford went on in their joint response to State: "<u>The swelling and bruising were documented</u>"

24. Defendants Perez and Crawford response were false and only a conspiracy to cover up Nurse Blando's misconduct.

25. Furthermore, Plaintiff filed a grievance appeal to the Office of Secretary of the Florida Dep't. Of Corrections concerning Defendants Crawford and Perez falsifying documents and Defendants Bowden and Reimers declared that

they had reviewed the records and the response of Defendants Perez and Crawford and that the response appropriately addressed the issues Plaintiff raised.

26. In light of the fact that Defendants Bowden and Reimers as well as Defendants Crawford and Perez knew that Plaintiff had a copy of the Head Trauma Protocol and Abrasion/Laceration Protocol Forms signed and stamped by Defendant Blando, stating the falsified information that the Plaintiff described herein this complaint, Defendant's Crawford, Perez, Reimers and Bowden still conspired and falsified documents in an attempt to cover up Defendant Blando's falsification of documents and misconduct which is a criminal act.

27. Defendants Crawford, Perez, Reimers, and Bowden all conspired amongst each other to cover up Defendant Blando's criminal conduct of falsifying documents.

28. Furthermore, Defendant Starling conspired with Defendant Blando to cover up Defendants Allen and Merritt criminal conduct of battery upon a detainee, by falsifying documents that Plaintiff's facial injuries was sustained due to a slip and fall, and such conspiracy between Defendants Starling and Blando, Crawford and Perez, and Reimers and Bowden deprived Plaintiff of his Federal right to due process of law.

29. Defendant Palmer was aware of the widespread prison abuse of excessive forces during incidents in which officers claimed an inmate was

unresponsive and would enter inmates cells and abuse them on B-wing and Defendant Palmer knew that the Defendants, Merritt and Allen as well as Defendant Starling would act unlawfully and failed to stop them from acting unlawfully.

30. Based on past Federal litigations against Defendant Palmer for failure to protect, Defendant Palmer knew specifically that Defendant Starling had been under criminal investigation for assaulting inmate James Alexander Logan in 2013, while Defendant Starling was then a sergeant, and instead of keeping Defendant Starling away from prisoners, Defendant Palmer approved and allowed Defendant Starling to be promoted all the way up to captain which in its self shows negligence and deliberate indifference on behalf of Defendant Palmer.

## V. <u>STATEMENT OF CLAIM</u>

1. Defendant Merritt, while acting under color of State law in his official capacity as prison sergeant for the Florida Department of Corrections, used excessive force against Plaintiff Grantley by kicking and stomping Plaintiff in the face and head areas while the Plaintiff was not violating any prison rules and was not acting disruptively.  Defendant Merritt actions violated Plaintiff Grantley's rights under the Eighth Amendment to the United States Constitution and caused Plaintiff Grantley pain, suffering, physical injury and emotional distress.

2. Defendant Allen, while acting under color of State law in his official capacity as prison officer for the Florida Department of Corrections, used excessive force against Plaintiff Grantley by stomping and kicking the Plaintiff in the back, neck and head area while the Plaintiff was not violating any prison rules and was not acting disruptively. Defendant Allen actions violated Plaintiff Grantley's rights under the Eighth Amendment to the Unites States Constitution and caused Plaintiff Grantley pain, suffering, physical injury and emotional distress.

3. Defendant Starling, while acting under color of State law in his official capacity as Prison Captain for the Florida Department of Correction, did witness Defendants Merritt and Allen assaulting Plaintiff Grantley and by witnessing Defendants Merritt and Allen illegal actions and failing to intervene, although Defendant Starling was in a position to do so, did violate Plaintiff Grantley's rights under the Eighth Amendment to the United States Constitution and caused Plaintiff Grantley pain, suffering, physical injury and emotional distress.

4. Defendant Palmer, while acting under color of State law in his official capacity as Prison Warden for the Florida Department of Corrections, failed to protect Plaintiff Grantley from staff assault. Defendant Palmer was aware of the widespread abuse on B-wing and knew that at least one of the Defendants (Starling) had been under criminal investigation for assaulting another prisoner

here at Florida State Prison and still Defendant Palmer failed to protect Plaintiff and such failure violated Plaintiff Grantley rights under the Fifth, Eighth and Fourteenth Amendment to the United States Constitution and caused Plaintiff Grantley pain, suffering, physical injury and emotional distress.

5. Defendant Blando, while acting under color of State law in his official capacity as a registered nurse in the Florida Department of Corrections, did conspire with Defendant Starling to falsify medical documents concerning the Plaintiff's injuries and such falsification of documents was to cover up criminal conduct of assault and battery committed by Defendant Merritt and Allen upon Plaintiff Grantley.  Defendant Blando's actions deprived Plaintiff of federally protected rights and violated Plaintiff's rights under the Fifth, Eighth and Fourteenth Amendment to the United States Constitution and cause Plaintiff Grantley pain, suffering, physical injury and emotional distress.

6. Defendant Crawford and Defendant Perez, while acting under color of State law in their official capacity as Assistant Warden and Chief Health Officer for the Florida Department of Corrections, did conspire amongst each other to falsify documents and did falsify documents in an attempt to cover up criminal conduct by Defendant Blando in which Defendant Blando falsified documents to cover up criminal conduct by Defendants Merritt and Allen and such falsification of documents deprived Plaintiff Grantley of due process of law, a federally

protected right and such actions violated Plaintiff Grantley rights under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution and caused Plaintiff Grantley pain, suffering, physical injury and emotional distress.

7. Defendant Reimers and Defendant Bowden while acting under color of State law in their official capacity as Director of Health Services Administration and Secretary of Florida Department of Corrections representative for the Bureau of Inmate Grievance Appeals office, did conspire amongst each other to falsify documents and did falsify documents by approving and failing to correct Defendants Crawford and Perez misconduct, falsification of documents and criminal conduct in which Defendants Crawford and Perez falsified documents in an attempt to cover up criminal conduct by Defendant Blando, who also falsified documents concerning Plaintiff's injuries in an attempt to cover up criminal conduct by Defendants Merritt and Allen who assaulted Plaintiff and such falsification of documents deprived Plaintiff Grantley of due process of law, a federally protected right and such actions violated Plaintiff Grantley rights under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution and caused Plaintiff Grantley pain, suffering, physical injury and emotional distress.

8. Each Defendant is being sued individually and in his/her official capacity.

18

## VI. **RELIEF REQUESTED**

1. Wherefore, Plaintiff respectfully prays that this court enter judgment:

2. Granting Plaintiff Grantley a declaration that the acts and omissions described herein violate his rights under the Constitution and laws of the United States;

3. Granting Plaintiff Grantley compensatory damages in the amount of $250,000 against each Defendant jointly and severally;

4. Granting Plaintiff Grantley punitive damages in the amount of $1,000,000,000.  Plaintiff Grantley seeks these damages against each Defendant jointly and severally.

5. Plaintiff also seeks a jury trial on all issues triable by jury.  Plaintiff seeks recovery of their (the Jury's) cost in this suit.

6. Plaintiff Grantley seeks any additional relief this Court deems just, proper and equitable.

Respectfully Submitted,

Derrick Grantley A-198328

/s/ Derrick Grantley A-198328

Date: 9-6-2016

## <u>VERIFICATION</u>

I have read the foregoing Complaint and hereby verify that the matters alleged therein are true.  I certify under penalty of perjury that the foregoing is true and correct.

Executed on this __6th__ day of __September__, 2016.

Respectfully Submitted,

Derrick Grantley A·198328

/s/ Derrick Grantley
Florida State Prison
P.O. Box 800
Raiford, FLA 32083

20