UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


**DERRICK TYRONE GRANTLEY,**
    Plaintiff,

Case No.: 3:16-cv-1147-J-32PDB

v.

**BRIAN S. STARLING,**
**AUSTIN MERRITT,**
**BRYAN K. ALLEN,**
**Each Defendant is sued in their**
**Individual Capacity,**
    Defendants.



LEGAL MAIL
Provided to Florida State Prison on
5/6/18 for mailing by DG

## AMENDED COMPLAINT

1. Party Information:

A. Plaintiff: Derrick Tyrone Grantley
    Inmate prison #: A-198328
    Year of Birth: 1982
    Plaintiffs Mailing Address:
    Florida State Prison
    P.O. Box 800
    Raiford, Florida 32083



Vs.

A. Defendant: Brian S. Starling
    Official Position: Prison Captain
    Place of Employment: Florida State Prison
    Mailing Address: P.O. Box 800
                     Raiford, Fla. 32083

B. Defendant: Austin Merritt
   Official Position: Prison Sergeant
   Place of Employment: Florida State Prison
   Mailing Address: P. O. Box 800
                    Raiford, Fla. 32083

C. Defendant: Bryan K. Allen
   Official Position: Prison Officer
   Place of Employment: Florida State Prison
   Mailing Address: P.O. Box 800
                    Raiford, Fla. 32083

11. Place of Present Confinement:
    Florida State Prison

## III. PREVIOUS LAWSUIT:

A. Plaintiff has NOT initiated any other lawsuits in state court dealing with the same or similar facts involved in this action or otherwise relating to his imprisonment or conditions thereof.

B. Plaintiff has initiated other lawsuits in Federal Court dealing with the same or similar facts involved in this action.

C. Parties to previous lawsuits:

    1. Plaintiff: Derrick Tyrone Grantley

        Defendants: Johnny Jones, Jr. et.al.,

    2. Court: Southern District of Florida

    3. Name of Judge: Patrick White

    4. Docket Number: 1:15-CV-22724JAL

    5. Facts and basis of Lawsuit: Defendants used excessive force against Plaintiff and Plaintiff was denied medical treatment for his injuries.

    6. Disposition: Case is still pending.

    7. Approximate filing date: July 21, 2015.

### Continuation of Previous Lawsuits

**Parties to previous lawsuits:**

    1. Plaintiff: Derrick Tyrone Grantley

        Defendants: Price, et.al.,

    2. Court: Middle District of Florida

    3. Name of Judge: Covington

    4. Docket Number: 2:04CV554-VMC_SPC

    5. Facts and basis of Lawsuit: Plaintiff complained that jail officials at Charlotte County Jail denied him due

process with regards to a disciplinary conviction.

6. Disposition: Case was dismissed in favor of the Plaintiff. Plaintiff filed a voluntary motion for Dismissal prior to service.

7. Approximate filing date: July 1, 2005.

**Parties to previous lawsuits:**

1. Plaintiff: Derrick Tyrone Grantley

    Defendants: Rogers, et. al.,

2. Court: Middle District of Florida

3. Name of Judge: Judge Covington

4. Docket Number: 2:04CV592-VMC-DNF

5. Facts and basis of Lawsuit: Plaintiff complained that jail officials denied him due process with regards to a second disciplinary conviction.

6. Disposition: Case was dismissed because Plaintiff did not pursue the matter. Plaintiff is unsure of the exact reason the Court used to dismiss lawsuit.

7. Approximate filing date: November 30, 2004

Dismissal Date: December 20, 2005

D. Plaintiff has had one lawsuit dismissed by the Northern District of Florida as malicious and Plaintiff Appealed and Appeal was denied.

1. Plaintiff: Derrick Tyrone Grantley

    Defendants: Sam, et. al.,

2. Court: Northern District of Florida

3. Name of Judge: Elizabeth Timothy

4

4. Docket Number: 3:15CV493/MCR/EMT

5. Facts and basis of Lawsuit: Plaintiff argued that he was denied mental and medical treatment which resulted in physical injury of the Plaintiff.

6. Deposition of Case: Northern District denied Plaintiff's complaint as malicious for not listing two previous suits in section IV of the complaint.

7. Plaintiff filed appeal approximately February 1, 2016, to the Eleventh Circuit.

8. Appeal Case No: 16-10778-c

9. Appeal was denied as frivolous on October 19, 2016.

**Parties to previous lawsuit:**

    1. Plaintiff: Derrick Tyrone Grantley

        Defendants: J. Hepburn

    2. Court: Southern District of Florida

    3. Name of Judge: Patrick White

    4. Case No.: 17-CV-24248-Gayles

    5. Approximate filing date: 11-27-2017

    6. Facts of Case: Plaintiff complained that Defendant was throwing away Plaintiffs incoming legal mail.

    7. Deposition of Case: Case was Dismissed on 12-22-17 for failure to state a claim.

**Parties to previous lawsuit:**

    1. Plaintiff: Derrick Tyrone Grantley

        Defendants: Sam, et. al.,

    2. Court: Northern District of Florida

    3. Name of Judge: Charles J. Kahn Jr.

    4. Case No. 3:17-CV-35/MCR/CJK

    5. Approximate filing date: May 19, 2017

    6. Facts of case: Plaintiff was denied of medical and mental health treatment.

    7. Deposition of Case: Case is still pending.

**Parties to previous lawsuits**:

    1. Plaintiff: Derrick Tyrone Grantley

        Defendants: Danley, et. al.,

    2. Court: Middle District of Florida

    3. Name of Judge: Patricia Barksdale

    4. Case No. 3:17-CV-678-J-32PDB

    5. Approximate filing date: June 12, 2017

    6. Facts of Case: Case Concerns Plaintiff being denied of medical treatment.

    7. Deposition of Case: Case is still pending.

## IV. STATEMENT OF FACTS

1. On March 9th, 2016, Plaintiff Grantley was an inmate housed on B-wing at Florida State Prison in Cell B-1224.

2. Plaintiff had been attempting to get medical attention for open wounds on his arms all night and while the Plaintiff was laying on his stomach on the floor by the cell door at approximately 1:35 am, Defendants Allen and Merritt entered into the Plaintiff's Cell without a hand-held camera as required by policy.

3. After Defendants Allen and Merritt had entered Plaintiff's cell, Defendant Starling was standing at the cell door, watching as Defendant Allen handcuffed the Plaintiff behind the back.

4. After handcuffs were placed on the Plaintiff, Defendant Starling ordered Defendants Allen and Merritt to pull the plaintiff back further into the cell.

5. As Defendants Allen and Merritt were doing as ordered, Defendant Starling stated out loud to the two Defendants that Plaintiff had just come from Santa Rosa C.I. for assaulting staff and was why the Plaintiff was on Maximum Management.

6. All of a sudden, while the Plaintiff was still laying on the floor on his stomach, still handcuffed not violating any rules nor acting disruptively, Defendant Allen started stomping the Plaintiff and kicking the Plaintiff with boots in the back, neck and head area inflicting pain upon the Plaintiff.

7. As Defendant Allen was attacking the Plaintiff, Defendant Merritt also was kicking and stomping the Plaintiff in the head and face area inflicting pain and injury upon Plaintiff.

8. Plaintiff then locked his head against the floor in a tight

7

position with his forehead facing the floor to try and protect his teeth from being knocked out.

    9. Defendant Allen then put his knee in the plaintiff's back and grabbed the Plaintiff's head and started trying to force Plaintiff's head into the ground.

    10. While Plaintiff's head was in an upward position, Defendant Merritt kicked the Plaintiff in the mouth.

    11. Defendant Allen then pushed Plaintiff's head on the floor with the left side against the floor.

    12. Defendant Merritt then kicked the Plaintiff in the mouth again causing Plaintiff's lip to split open on the bottom.

    13. While Plaintiff's head was still being held down, Defendant Merritt stomped the Plaintiff on the right side of Plaintiff's face with his boot, knocking the Plaintiff unconscious.

    14. While Defendants Allen and Merritt was attacking Plaintiff, Defendant Starling was standing at the cell door watching, in a position to intervene, had the time and ability to do so, by failed to intervene and stop the attack.

    15. Soon thereafter, Plaintiff was taken to the Emergency Room at Florida State Prison. While the Plaintiff was in the Emergency Room, Plaintiff noticed a officer now standing outside the door with a hand held camera.

    16. Minutes later Defendant Starling walked into the E.R. and stated to the Plaintiff,

    ("Damn man, what happened to your face?")

    17. Plaintiff then stated to Defendant Starling:

    ("You know what happened. Y'all jumped on me")

At which time Defendant Starling stated to the Plaintiff:

("Oh yeah, you fell and hit your face.")

18. It then became apparent to the Plaintiff that Defendant Starling was going to conspire with Nurse Blando to falsify documents concerning how the Plaintiff obtained the injuries to his face and once the Plaintiff was ordered to come out of the E.R. and walk to the shower, the Plaintiff walked up to the officer holding the hand held camera and stated on camera that he had been assaulted and kicked in the face by officers.

19. Plaintiff was then taken from the shower to the transport van and transported to a hospital in Starke, Florida. Once the doctor at the hospital in Starke evaluated the Plaintiff injuries, he ordered that the Plaintiff be taken to Memorial Hospital of Jacksonville to have facial surgery to repair Plaintiff's bottom lip because Plaintiff's injuries to his lip was too severe for him to repair.

20. Once the Plaintiff was at Memorial hospital of Jacksonville, Doctors ordered a CT scan and said CT scan revealed that the Plaintiff had sustained facial fractures amongst other injuries which include but not limited to: extensive right perio-orbital contusion, right forehead and premolar contusions, several ecchymosed and lacerations in the facial area and also in the molar area of about half an inch; and Plaintiff right eyelids was very swollen and unable to open up. Plaintiff also suffered memory loss and excruciating pains in the head, jaw, and facial area.

21. Plaintiff underwent facial laceration surgery to repair Plaintiff's bottom lip as well as teeth. Plaintiff underwent the surgery under general anesthesia.

22. Plaintiff remained in the hospital until March 10th, 2016, for observational purpose and follow up treatment.

23. On April 9th, 2016, while Plaintiff was housed at Union Correctional Institution, Nurse Parrish delivered copies of all the medical documents from March 9th, 2016, to the Plaintiff.

24. After reading the documents, Plaintiff discovered that Nurse Blando had in fact falsified documents stating on the Head Trauma Form that the Plaintiff had obtained his facial injuries by slipping and falling face forward.

## V. STATEMENT OF CLAIM

1. Defendant Merritt, while acting under color of State law in his individual capacity as prison sergeant for the Florida Department of Corrections, used excessive force against Plaintiff Grantley by kicking and stomping Plaintiff in the face and head areas while the Plaintiff was not violating any prison rules and was not acting disruptively. Defendant Merritt actions violated Plaintiff Grantley's rights under the Eighth Amendment to the United States Constitution and caused Plaintiff Grantley pain, suffering, physical injury and emotional distress.

2. Defendant Allen, while acting under color of State law in his individual capacity as prison officer for the Florida Department of Corrections, used excessive force against Plaintiff Grantley by stomping and kicking the Plaintiff in the back, neck and head area while the Plaintiff was not violating any prison rules and was not acting disruptively. Defendant Allen actions violated Plaintiff Grantley's rights under the Eighth Amendment to the United States Constitution and caused Plaintiff Grantley pain, suffering, physical injury and emotional distress.

3. Defendant Starling, while acting under color of State law in his individual capacity as Prison Capitan for the Florida Department of Correction, did witness ( Merritt and Allen) assaulting Plaintiff Grantley and by witnessing ( Merritt and Allen) illegal actions and failing to intervene, although Defendant Starling was a in a position to do so, did violate Plaintiff Grantley's rights under the Eighth Amendment to the United States Constitution and caused Plaintiff Grantley pain, suffering, physical injury and emotional distress.

11

## VII. RELIEF REQUESTED

1. Wherefore, Plaintiff respectfully prays that this Court enter judgment:

2. Granting Plaintiff Grantley a declaration that the acts and omissions described herein violate his rights under the Constitution and laws of the United States;

3. Granting Plaintiff Grantley compensatory damages in the amount of $250,000 against each and every one of the I jointly and severally;

4. Granting Plaintiff Grantley punitive damages in the amount of $1,000,000,000. Plaintiff Grantley seeks these damages against each Defendant jointly and severally.

5. Plaintiff also seeks a jury trial on all issues triable by jury. Plaintiff seeks recovery of their (the Jury's) cost in this suit.

6. Plaintiff Grantley seeks any additional relief this Court deems just, proper and equitable.

Respectfully Submitted,

Derrick Grantley

/s/ Derrick

Date: March 6th, 2018

12

## **VERIFICATION**

I have read the foregoing Complaint and hereby verify that the matters alleged therein are true. I certify under penalty of perjury that the foregoing is true and correct.

Executed on this 6th day of March, 2018.

Respectfully Submitted,

Derrick Grantley

/s/ *[signature]*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Amended Complaint has been sent by U.S. Mail to:

David Hollingsworth McClain, Office of the Attorney General, suite 1100, 501 E. Kennedy Blvd., Tampa, Florida 33602

AND:

United States District Court, Middle District of Florida, Office of the Clerk 300 North Hogan Street, suite 9-150, Jacksonville, Florida 32202

On this 6th day of March, 2018.

Respectfully Submitted,
Derrick Grantley A-198328
Florida State Prison
P.O. Box 800
Raiford, Florida 32083

/s/ _____